1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JASPER WILFORD ALFORD,

11              Petitioner,                    No. CIV S-97-0664 LKK DAD P

12        vs.

13    THOMAS MADDOCK, et al.,

14              Respondents.            FINDINGS AND RECOMMENDATIONS

15    _____/

16              Petitioner is a state prisoner proceeding pro se with an application for a writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner originally filed habeas corpus actions in

18    this court challenging two separate convictions.  By order dated July 15, 2004, those actions were

19    consolidated and petitioner is now proceeding in this case with all of his claims.  In this

20    consolidated action petitioner challenges his judgment of conviction for battery on a custodial

21    officer entered in the Siskiyou County Superior Court in 1995, claiming that his sentence of 25

22    years-to-life in prison for that offense violates the Eighth Amendment prohibition against cruel

23    and unusual punishment.  Petitioner also challenges his 1979 Placer County Superior Court

24    judgment of conviction for second degree murder.  It was this conviction which was later found

25    /////

26    /////

1

1  to be petitioner's first "strike" and was used as the basis for imposing his "Three Strikes"

2  sentence of 25 years-to-life in prison in the 1995 Siskiyou County case.[1]

3          In challenging his 1979 prior conviction, petitioner alleges the following six

4  grounds for relief:  (1) he was denied a fair and impartial trial in Placer County due to community

5  bias and prejudice against Native Americans; (2) he was denied his right to due process and a fair

6  and impartial trial because he was shackled and handcuffed during trial; (3) the removal of

7  prospective jurors for cause due to their unwillingness to consider imposing the death penalty on

8  a co-defendant violated petitioner's right to a jury representative of a fair cross-section of the

9  community; (4) newly discovered evidence establishes petitioner's innocence and entitles him to

10  new trial; (5) petitioner was denied effective assistance of counsel as guaranteed by the United

11  States Constitution; and (6) erroneous jury instructions that resulted in the reversal of a co-

12  defendant's murder conviction constitute prejudicial error in petitioner's case.  After a review of

13  the record and the applicable law, the court will recommend that petitioner's application for a

14  writ of habeas corpus be denied.

15                          PROCEDURAL BACKGROUND

16  The 1979 Placer County Conviction

17          On August 18, 1978, an indictment was filed in the Siskiyou County Superior

18  Court charging petitioner and co-defendants Carol Thom, Darrell Jones, Norma Jean Croy and

19  Patrick Croy with various offenses stemming from an altercation with law enforcement officials

20  in a rural area of Siskiyou County on July 16 and 17, 1978.  (January 30, 2004, Findings and

21  /////

22  /////

23

24          [1] Petitioner's challenges to his 1995 Siskiyou County Superior Court conviction were
   originally filed in case no. CIV S-98-0768 DFL DAD P while challenges to his 1979 Placer
25  County Superior Court conviction were filed in case no. CIV S-97-0664 LKK DAD P.
   Throughout these findings and recommendations, the court will refer to filed documents using
26  these case numbers.

1    Recommendations in case no. CIV S-97-1235 FCD DAD P, at 1-2.[2])  On November 1, 1978, the

2    case was transferred to the Placer County Superior Court upon stipulation of counsel.  Petitioner,

3    Patrick Croy and Norma Jean Croy were tried jointly before a jury in a trial that began on May 1,

4    1979.  (Id. at 2.)  Each of the three defendants was represented by his/her own counsel.  The same

5    evidence was offered against all three defendants at trial with the prosecution pursuing theories

6    of conspiracy and aiding and abetting.  Darrell Jones and Carol Thom were subsequently tried

7    together in a separate trial.

8              On June 29, 1979, petitioner was found guilty of second degree murder in

9    violation of California Penal Code § 187 and was acquitted of conspiracy to commit murder,

10   attempted murder, assault with a deadly weapon, and robbery.  (Id. at 3, n.2.)  Petitioner was

11   /////

12   /////

13   /////

14   /////

15   /////

16   /////

17   /////

18   /////

19   /////

20   /////

21

22       [2]  In the answer filed in CIV S-97-0664 LKK DAD P, respondent advised the court that
     the record for the 1979 Placer County case had previously been lodged with the court in the case
23   of Norma Jean Croy v. California Attorney General, CIV. S-93-1153 LKK JFM P.  (Answer at 2,
     n.2.)  The undersigned in turn relied upon and referred to that same record in the January 30,
24   2004, Findings and Recommendations filed in case no. CIV S-97-1235 FCD DAD P.  In these
     findings and recommendations the undersigned will rely upon that same record with respect to
25   these procedural background facts that are undisputed.  See Valerio v. Boise Cascade Corp., 80
     F.R.D. 626, 635 n.1 (N.D. Cal. 1978) (judicial notice may be taken of court records), aff'd, 645
26   F.2d 699 (9th Cir. 1981).

1   sentenced to prison for a term of eight years.[3]  (Exhibits to Original Petition for Habeas Corpus in

2   case no. CIV S-97-0664 LKK DAD P, filed April 18, 1997 (Exhibits 0664), Ex. B.)

3                   Petitioner filed a timely appeal of his conviction for second degree murder, in

4   which he claimed that: (1) the trial court erred in permitting voir dire resulting in the selection of

5   a death qualified jury; (2) the evidence was insufficient to support his second degree murder

6   conviction; (3) the trial court erred in refusing to give his proposed jury instruction with respect

7   to the knowledge required to be convicted of aiding and abetting; and (4) the trial court erred in

8   refusing to instruct the jury that although petitioner's actions might have been considered aiding

9   and abetting or advising and encouraging, those actions could not result in a conviction unless

10  they were found to have been a substantial factor in bringing about the result.  (Exhibits 0664,

---

12   [3] The 1979 Placer County case against petitioner and his co-defendants has a lengthy and unusual history.  Petitioner's co-defendant Patrick Croy was convicted of first degree murder, conspiracy to commit murder, two counts of attempted murder, robbery, and assault with a deadly weapon on a peace officer.  In addition, the jury found true two special circumstances: (1) that Patrick Croy committed the murder in the course of a robbery; and (2) that he murdered a police officer who was acting in the line of duty.  Patrick Croy was sentenced to death under the 1977 California death penalty statute.  On December 31, 1985, in a published opinion, the California Supreme Court reversed Patrick Croy's sentence of death as well as his convictions for murder, attempted murder and robbery, as well as the special circumstances findings.  People v. Croy, 41 Cal. 3d 1 (1985).  Patrick Croy's convictions on one count of conspiracy to commit murder and four counts of assault with a deadly weapon were affirmed.  In 1987, retrial proceedings began in Placer County on the murder, attempted murder and robbery charges against Patrick Croy.  His counsel filed a motion for change of venue.  The motion was granted and the case was transferred to the San Francisco County Superior Court for re-trial.  At the re-trial, Patrick Croy was acquitted of all charges.  In October 1990, Patrick Croy was resentenced on the conspiracy and assault charges in the Placer County Superior Court.  The court suspended execution of the previously imposed life term for the conspiracy conviction and placed Patrick Croy on probation for ten years.  Patrick Croy was then released.  In December 1996, Patrick Croy was convicted of misdemeanor spousal battery and received a sentence of one year in county jail.  Subsequently, the Placer County Superior Court revoked Patrick Croy's probation and imposed the previously suspended life sentence for the conspiracy conviction.  On July 3, 1997, Patrick Croy filed a petition for writ of habeas corpus in this court, claiming that he received ineffective assistance of counsel in the 1979 joint trial.  That petition was granted on February 18, 2005.  Petitioner's co-defendant Norma Jean Croy was originally convicted of first degree murder, conspiracy to commit first degree murder, two counts of attempted murder, four counts of assault with a deadly weapon and robbery.  She was sentenced to an indeterminate life sentence.  In 1993, Norma Jean Croy filed a federal habeas corpus petition in this court.  On December 5, 1996, that petition was granted on the ground that Ms. Croy had received ineffective assistance of counsel in connection with the 1979 joint trial.  Her conviction was vacated and she was released from custody.

1   Ex. C at 3, 17, 22, 27, 28.)  Petitioner's conviction was affirmed by the California Court of

2   Appeal for the Third Appellate District in an unpublished opinion filed April 28, 1981.  (Id.)

3   Petitioner did not seek review by the California Supreme Court and did not seek habeas relief in

4   the state courts.  Petitioner served the eight-year sentence imposed for his 1979 conviction and

5   was released from prison.

6   The 1995 Siskiyou County Conviction

7              In a first amended information filed on February 28, 1995, in the Siskiyou County

8   Superior Court petitioner was charged with attempted murder in violation of California Penal

9   Code § 187(a) (count I); assault with a deadly weapon or by means of force likely to produce

10  great bodily injury, in violation of California Penal Code § 245(a)(1) (count II); and battery on a

11  custodial officer, in violation of California Penal Code § 243.1 (count III).  (Clerk's Tr. on

12  Appeal in case No. CIV S-97-0664 LKK DAD P, at 75-76.)  It was also alleged that petitioner

13  had incurred a 1979 conviction for second degree murder, described above, and a 1987

14  conviction for corporal injury to a spouse or cohabitant with personal use of a deadly weapon.

15  (Id.)  These two prior convictions were alleged as strikes within the meaning of California Penal

16  Code § 667(b) - (I) and § 1170.12 (California's "Three Strikes" Law).  (Id.)  On the same day the

17  amended information was filed, petitioner entered a plea of not guilty and denied all prior

18  conviction allegations.  (Id. at 85.)

19             On April 3, 1995, counts I and II of the amended information were dismissed on

20  motion of the prosecutor.  (Id. at 162.)  On that same day, petitioner waived his right to a jury

21  trial on count III.  (Id. at 162-63.)  On April 5, 1995, the trial court found petitioner guilty of

22  count III, battery against a custodial officer.  (Id. at 170.)  The trial court also found true the prior

23  conviction allegations.  (Id.)  On July 28, 1995, the trial court sentenced petitioner to a term of 25

24  years-to-life in state prison pursuant to the Three Strikes Law.  (Id. at 230-32.)  Petitioner filed a

25  notice of appeal on that same day.  (Id. at 233.)

26  /////

Subsequent Proceedings

On March 5, 1996, petitioner for the first time filed a petition for writ of habeas corpus in the Placer County Superior Court attacking his 1979 conviction that was used as the first strike counting toward his current three strikes sentence imposed in the 1995 Siskiyou County Superior Court case. (Exhibits 0664, Ex. J.) Petitioner informs the court that he asserted the same six grounds for relief that he alleges in the instant action. (Pet. for Writ of Habeas Corpus in case no. CIV S-97-0664 LKK DAD P, filed April 18, 1997, at 2.) In an order dated June 19, 1996, the Placer County Superior Court addressed only two of the claimed grounds for relief: "newly discovered evidence" and "inadequate assistance of counsel," and denied the petition. (Exhibits 0664, Ex. J.)[4] On approximately July 13, 1996, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District, in which he raised the same claims. (Answer to Amended Petition in case no. CIV S-98-0768 DFL DAD P, Ex. B.) That petition was denied on September 13, 1996, with a citation to In re Clark, 5 Cal. 4th 750, 767 (1993). (Id.) On approximately September 25, 1996, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Id., Ex. C.) That petition was summarily denied by order filed February 26, 1997. (Id.)

In an unpublished opinion filed on June 9, 1997, the California Court of Appeal for the Third Appellate District, affirmed petitioner's battery conviction and sentence. (Id., Ex. D.) On July 14, 1997, petitioner filed a petition for review in the California Supreme Court. (Id., Ex. E.) That petition was summarily denied by order dated September 17, 1997. (Id.)

On April 18, 1997, petitioner filed a petition for writ of habeas corpus in this court challenging his 1979 second degree murder conviction. On October 2, 1998, petitioner filed a

---

[4] In its order denying relief, the Placer County Superior Court stated that it was vacating "its previous order denying the Writ of Habeas Corpus" and is "reconsidering the original Writ as filed by defendant." (Id.) The actual writ(s) filed by petitioner in the Superior Court have not been filed in this court. Accordingly, it is unclear whether petitioner's "original writ" contained only the two claims addressed and rejected by the Superior Court.

petition for writ of habeas corpus in this court challenging his 1995 battery conviction.  By order

dated July 15, 2004, the two actions were consolidated for all purposes.

ANALYSIS

I.  Standards of Review Applicable to Habeas Corpus Claims

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860,

861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v.

Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the

interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);

Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas

corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377

(1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d

1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting

habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court shall
> not be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of the
> claim -
>
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).  See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v.

Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

/////

7

1    The court looks to the last reasoned state court decision as the basis for the state

2    court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002); Robinson v. Ignacio, 360

3    F.3d 1044, 1055 (9th Cir. 2004).  Where the state court reaches a decision on the merits but

4    provides no reasoning to support its conclusion, a federal habeas court independently reviews the

5    record to determine whether habeas corpus relief is available under section 2254(d).  Himes v.

6    Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir.

7    2000).  When it is clear that a state court has not reached the merits of a petitioner's claim, or has

8    denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a

9    federal habeas court must review the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th

10   Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

11   II.  Petitioner's Challenge to his 1979 Conviction

12       As noted, several of petitioner's claims raise challenges to his 1979 second degree

13   murder conviction which was later relied upon as one of the "strikes" by the Siskiyou County in

14   sentencing him to 25 years-to-life on his 1995 conviction.  However, petitioner had already

15   served his eight-year prison sentence on the 1979 conviction before bringing this action to attack

16   that conviction.  Under these circumstances, the court's jurisdiction to consider petitioner's

17   challenge to his 1979 conviction is subject to serious question.  Accordingly, the court requested

18   further briefing from the parties addressing this potentially dispositive issue.

19       A. The Arguments of the Parties

20       Respondents argue that petitioner cannot now collaterally attack the "validity of

21   his fully served 1979 prior murder conviction used to enhance his 1995 sentence."  (Resp'ts'

22   Supp. Resp. at 1.)  In this regard, respondents assert that petitioner had counsel in his 1979 case,

23   was not deprived of his right to appeal from that conviction by unjust state action and has not

24   established his actual innocence.  (Id. at 2-3.)  Accordingly, respondents claim that petitioner

25   does not fall under any recognized exception to the general rule barring such a belated collateral

26   attack on a conviction.  (Id. )  Petitioner counters that he satisfies the "in custody" requirement of

28 U.S.C. § 2254 because he is alleging that the sentence imposed for his 1995 conviction, which he is currently serving, was unconstitutionally enhanced by his 1979 murder conviction.  (Pet.'s Memo. re Jurisdiction at 5.)   Petitioner also contends that under California law he was entitled to wait and collaterally challenge his 1979 conviction in the event it was ever used by the state to enhance a sentence imposed for a subsequent conviction.  (Id. at 10.)   Petitioner argues that when he employed this valid strategy, California courts unjustly deprived him of his right to review of his 1979 conviction by improperly denying his state habeas petition as procedurally barred, citing In re Clark, 5 Cal. 4th 750, 767 (1993).   (Id. at 10-12.)  Petitioner claims that because of the state's unjust action in denying him review of his 1979 conviction, he falls within an exception to the general rule barring federal habeas review of such prior convictions.

B.  The Custody Requirement

Federal law provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3).  Thus, a habeas corpus petitioner must be "in custody" pursuant to the particular conviction or sentence under attack at the time he files his petition.  Maleng, 490 U.S. at 490-91 (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)); Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir.), cert. denied sub nom. Resendiz v. Hodgson, ___ U.S. ___, 126 S. Ct. 757 (2005).  This "in custody" requirement of § 2254 is jurisdictional.  Maleng, 490 U.S. at 490); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998).  However, because petitioner is asserting a challenge to his 1995 sentence for which he is in custody, as enhanced by the allegedly invalid 1979 prior conviction, he is deemed

/////

/////

/////

/////

1  to be "in custody" for the 1979 offense within the terms of § 2254.  See Lackawanna v. Coss, 532

2  U.S. 394, 401-02 (2001); Maleng v. Cook, 490 U.S. 488, 494 (1989). [5]

3          The fact that petitioner is "in custody," however, does not necessarily mean that

4  he can raise unlimited challenges to his prior convictions.

5          C.  Fully Expired Convictions

6          As a general rule, if a prior conviction used to enhance a state sentence is fully

7  expired in its own right, the defendant may not collaterally attack his prior conviction through a

8  § 2254 petition.  Daniels v. United States, 532 U.S. 374, 383 (2001); Lackawanna v. Coss, 532

9  U.S. 394, 403-04 (2001); Gill v. Ayers, 342 F.3d 911, 919 n.7 (9th Cir. 2003).  In this regard, the

10  Supreme Court has held that "once a state conviction is no longer open to direct or collateral

11  attack in its own right because the defendant failed to pursue those remedies while they were

12  available (or because the defendant did so unsuccessfully), the conviction may be regarded as

13  conclusively valid."  Lackawanna, 532 U.S. at 403. The Supreme Court has recognized the

14  following exception to this general rule:  a defendant may challenge an expired conviction in the

15  context of an enhanced sentence "on the basis that the prior conviction used to enhance the

16  sentence was obtained where there was a failure to appoint counsel in violation of the Sixth

17  Amendment, as set forth in Gideon v. Wainwright."  Lackawanna, 532 U.S. at 404 (citing

18  Gideon v. Wainwright, 372 U.S. 335 (1963)).  See also Daniels, 532 U.S. at 382 ("this rule is

19

20          [5]  In Lackawanna v. Coss, the Supreme Court stated:

21                  [Petitioner] Coss is, however, currently serving the sentence for his
                    1990 conviction. Like the respondent in Maleng, Coss' § 2254

22                  petition can be (and has been) construed as "asserting a challenge
                    to the [1990] senten[ce], as enhanced by the allegedly invalid prior

23                  [1986] conviction." [490 U.S.] at 493. See also supra, at 1572.
                    Accordingly, Coss satisfies § 2254's "in custody" requirement. Cf.

24                  Daniels, post, at 383, 384, n. 2 (stating that the text of § 2255,
                    which also contains an "in custody" requirement, is broad enough

25                  to cover a claim that a current sentence enhanced by an allegedly
                    unconstitutional prior conviction violates due process).

26  532 U.S. at 401-02.

1    subject to only one exception"); Franklin v. Small, 161 F.Supp. 2d 1087, 1102 n.3 (N.D. Cal.

2    2001).[6]

3          In Daniels, the United States Supreme Court also suggested that another exception

4    to this rule may be available in "rare cases in which no channel of review was actually available

5    to a defendant with respect to a prior conviction, due to no fault of his own."  532 U.S. at 383.

6    The Court in Daniels did not elaborate on the type of "rare" case it was referring to.  However, in

7    Lackawanna the Supreme Court provided as an example a case in which a state court, without

8    justification, refused to rule on a constitutional claim that was properly presented to it, or a case

9    in which, after the time for direct or collateral review had expired, the defendant obtained

10   compelling evidence of actual innocence which he could not have uncovered in a timely manner.

11   532 U.S. at 405.  In such circumstances an exception to the general rule barring collateral attack

12   on an expired sentence may be warranted because a federal habeas petition directed at a sentence

13   enhanced by such an expired sentence "may effectively be the first and only forum available for

14   review of the prior conviction."  Id. at 406.   The court in Lackawanna explained the rationale for

15   allowing a collateral challenge to a prior conviction under such rare circumstances as follows:

16             The general rule we have adopted here and in Daniels reflects the
               notion that a defendant properly bears the consequences of either
17             forgoing otherwise available review of a conviction or failing to
               successfully demonstrate constitutional error.  It is not always the
18             case, however, that a defendant can be faulted for failing to obtain
               timely review of a constitutional claim.
19

20   532 U.S. at 405.

21          Assuming, without deciding, that there is an exception to the rule set forth in

22   Lackawanna and Daniels for "rare cases," the court concludes that the circumstances of this case

23

24          [6]  The Supreme Court observed that Gideon claims have a special status because "the
     'failure to appoint counsel for an indigent [is] a unique constitutional defect . . . ris[ing] to the
25   level of a jurisdictional defect,' which therefore warrants special treatment among alleged
     constitutional violations."   Lackawanna v. Coss, 532 U.S. 394, 404 (2001) (quoting Custis v.
26   United States, 511 U.S. 485, 496 (1994)).

1   do not justify the application of such an exception.  See Johnson v. United States, 544 U.S. 295,

2   304 n.4 (2005) (stating that the Court has recognized "only one exception" to the prohibition on

3   federal collateral attacks on prior state convictions and declining to explore the possible "rare"

4   second exception).

5          In the present case, the sentence imposed with respect to petitioner's 1979 Placer

6   County conviction expired long before he filed his federal habeas corpus action challenging that

7   conviction.  Petitioner unsuccessfully pursued only the first of the available state court avenues

8   of review available to him with respect to challenging that conviction before abandoning such

9   attempts while he served his sentence.  Petitioner's 1979 conviction is therefore conclusively

10  valid.  Petitioner has not alleged a Gideon claim in his petition before this court.  Therefore, in

11  order for petitioner's challenge to his 1979 conviction to now be cognizable, he must

12  demonstrate both that there is a clearly established exception to the rule set forth in Daniels and

13  Lackawanna for "rare cases" and that the exception is applicable here.

14         Petitioner argues that he was prevented, through no fault of his own, from fully

15  litigating in state court his challenges to his 1979 prior conviction.  Petitioner recognizes that he

16  chose to abandon any further attack on his 1979 conviction after his conviction was affirmed on

17  direct appeal and that it was not until after he suffered his battery conviction in 1995 that he

18  pursued additional challenges to his 1979 conviction in an attempt to set aside his Three Strikes

19  sentence.  However, he explains that he chose to serve his eight-year sentence for second degree

20  murder without further legal challenge at that time knowing that, pursuant to state law, he "would

21  be able to challenge the 1979 conviction in the event it was ever used by the state to enhance a

22  sentence imposed for a subsequent conviction."  (Petitioner's Memorandum re: Court's

23  Jurisdiction to Consider the Merits of the Challenge to his 1979 Conviction, filed July 1, 2005, at

24  10.)  Petitioner argues that even though the avenue of attack on his 1979 conviction he chose to

25  pursue remained legally available to him under California law after he suffered his 1995

26  conviction, the California courts prevented him from taking advantage of it.  Specifically,

1   petitioner argues that the California Court of Appeal and the California Supreme Court

2   erroneously denied his state habeas corpus petitions filed in 1996 on a procedural ground (the

3   "Clark bar") which has no applicability to the instant case.[7]

4         After a review of the record and the applicable law, the undersigned concludes

5   that petitioner does not fall within the arguable exception for "rare cases" described by the

6   Supreme Court in Daniels and Lackawanna because he deliberately chose not to pursue further

7   available channels of attacking his 1995 sentence after his direct appeal was rejected.  As

8   explained above, the "rare" exception in question is at best only available to a criminal defendant

9   who has no available channel for review of his claims "due to no fault of his own" or where the

10  state court "without justification, refused to rule on a constitutional claim that was properly

11  presented to it."  Daniels, 532 U.S. at 383, 405.  Here, petitioner lost the opportunity to raise in

12  state court the claims he raises here only because he made the decision to abandon further

13  judicial review after his direct appeal was rejected.  Stated in context, petitioner's failure to

14  obtain review of his claims was petitioner's "fault" because he chose not to take advantage of

15  available "channels of review."  The state courts' failure to rule on petitioner's belated claims

16  first presented in 1996 was "justified" by the fact that the claims were not presented to them for

17  review in a timely fashion after petitioner's direct appeal was denied.  Petitioner's argument that

18  the state courts applied an erroneous procedural bar to his 1996 challenges to the 1979 "strike"

19  conviction misses the point.  By the time those challenges were filed, petitioner had deliberately

20  foregone available review, thereby precluding application of the "rare" exception where no

21

22         [7] As set forth above, petitioner's 1996 petition for writ of habeas corpus was denied by
    the California Court of Appeal for the Third Appellate District with a citation to In re Clark, 5

23  Cal. 4th 750, 767 (1993).  At the cited page of the Clark decision, the California Supreme Court
    had discussed limitations on habeas corpus relief with respect to trial errors which do not present

24  risk of convicting an innocent person and involve repetitious habeas applications, piecemeal
    presentation of claims and delay.  Here, petitioner contends that because his claims were not

25  presented in previous habeas corpus petitions, they were neither repetitious nor piecemeal.
    Accordingly, he argues, the Clark bar cited by the state appellate court is inapplicable.  However,

26  petitioner does not address the issue of delay with respect to the presentation of claims which lies
    at the heart of the matter in his case.

1  channel of review is available to a criminal defendant "due to no fault of his own." <u>Daniels</u>, 532

2  U.S. at 383.  Put another way, petitioner must bear the consequences of "failing to obtain timely

3  review of a constitutional claim." <u>Lackawanna</u>, 532 U.S. at 405.

4         Furthermore, application of the rare exception here would ignore the United States

5  Supreme Court's cautioning that the exception in question be limited to "rare" cases.  The

6  exception would not be rare were it available in every case where a defendant sentenced under a

7  recidivist sentencing scheme, has chosen not to take advantage of available channels of direct

8  review with respect to a prior "strike" conviction, and then attempts to later challenge the

9  "strike" but is precluded from doing so because of an allegedly erroneous state procedural bar.

10  That factual scenario is not "rare."  Here, petitioner lost the opportunity for state court review of

11  his claims because of his deliberate inaction.  He has failed to show that the state courts' failure

12  to rule on the merits of his belatedly presented claims was unjustified.  For these reasons, the

13  undersigned concludes that any "rare" exception to the general rule that a defendant may not

14  collaterally attack an expired prior conviction through a 2254 petition is inapplicable here.

15         Accordingly, petitioner may not challenge his 1979 prior conviction in this habeas

16  corpus proceeding.[8]

17  III.  <u>Petitioner's Eighth Amendment Challenge to his 1995 Conviction</u>

18         Petitioner claims that his sentence of 25 years-to-life for his conviction of battery

19  against a custodial officer violates the federal constitutional proscription against cruel and

20  /////

21

22    [8]  Petitioner does not argue that he falls within the other possible "rare" exception for
those presenting colorable claims of "actual innocence."  However, the undersigned must
23  acknowledge the harshness of the result dictated by the law in this case.  As noted above, as a
result of federal habeas petitions filed in 1993 and 1997 respectively, petitioner's co-defendants
24  at the 1979 Placer County joint trial, Patrick Croy and Norma Jean Croy, were granted habeas
relief and had their 1979 convictions vacated.  Petitioner attempts to challenge his conviction
25  stemming from that same trial on the same grounds upon which his co-defendants were both
granted relief.  Nonetheless, because petitioner allowed the sentence on his 1979 conviction to
26  fully expire in its own right before seeking full review of that conviction, binding Supreme Court
precedent dictates that he not be permitted to now collaterally attack that expired conviction.

1  unusual punishment.  After setting forth the factual background and legal standards, the court

2  will analyze this claim below.

3      A.  <u>Factual Background</u>

4          Sheriff's deputies were moving [petitioner] to a maximum
   security cell at the county jail.  Deputy Cumming saw [petitioner]

5  reach above the door frame of his cell and grab something.
   Cumming performed a strip search of [petitioner].  [Petitioner]

6  became extremely hostile during the search.  He swore at Deputy
   Rees and threatened him with bodily harm.  Other officers arrived

7  to assist.  [Petitioner] threatened to break Deputy Jackson's jaw,
   and then hit Jackson in the chest.  Jackson did not suffer physical

8  injury.  The officers subdued and handcuffed [petitioner].

9  (Answer to Amended Petition in case no. CIV S-98-0768 DFL DAD P, filed November 18, 1998,

10 Ex. D (Opinion) at 2-3.)[9]

11     B.  <u>Analysis</u>

12         On direct appeal, petitioner asserted that his indeterminate life sentence violates

13 the California Constitution and the Eighth Amendment.  The California Court of Appeal for the

14 Third Appellate District analyzed the issue at some length and concluded that petitioner's

15 sentence was neither cruel nor unusual.  (Opinion at 9-12.)[10]

16         In this court, petitioner contends that his sentence violates the Eighth Amendment

17 because a sentence of 25 years- to-life is grossly disproportionate "for a battery that could have

18 been a misdemeanor."  (Am. Pet. in case no. CIV S-98-0768 DFL DAD P, filed Oct. 2, 1998,

19 Attach. at p. 17.)  Petitioner argues that, although his record "technically includes a second

20 degree murder conviction, he is no murderer" and his murder conviction "is based on a bad

21 attitude, not actual violence."  (<u>Id.</u>, Attach. at p. 14-15.)  His other prior conviction was spousal

22

23     [9]  The facts of petitioner's crime are not in dispute for purposes of this habeas proceeding
   and are set forth as background.

24     [10]  The California Court of Appeal provided the only reasoned decision with respect to
   petitioner's claim in this regard and, accordingly, that opinion provides the basis for the state

25 court judgment.  <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1055 (9th Cir. 2004); <u>Avila v. Galaza</u>, 297
   F.3d 911, 918 (9th Cir. 2002) ("In determining whether a state court decision is contrary to

26 federal law, we look to the state's last reasoned decision.").

1    abuse when engaged in a marital dispute with his wife, and his record includes several juvenile

2    offenses. (Id., Attach. at p. 15.) Petitioner concedes that his record "is not sparse" but argues

3    that he should not be incarcerated for 25 years solely because of this record. (Id.) Petitioner

4    asserts that classifying his "shove upon Officer Jackson as a felony," when taken in conjunction

5    with "the mandatory and severe nature of the three strikes law," violates the proscription against

6    cruel and unusual punishment. (Id., Attach. at p. 12.)

7           Successful challenges in federal court to the proportionality of particular sentences

8    are "exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-90 (1983). See also Ramirez v.

9    Castro, 365 F.3d 755, 775 (9th Cir. 2004). "The Eighth Amendment does not require strict

10   proportionality between crime and sentence. Rather, it forbids only extreme sentences that are

11   'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991)

12   (Kennedy, J., concurring). Thus, in recent years the United States Supreme Court has held that it

13   was not an unreasonable application of clearly established federal law for the California Court of

14   Appeal to affirm a sentence of two consecutive 25 year-to-life imprisonment terms for a petty

15   theft with a prior conviction involving theft of $150.00 worth of videotapes. Lockyer v.

16   Andrade, 538 U.S. 63, 75 (2003); see also Ewing v. California, 538 U.S. 11, 29 (2003) (holding

17   that a sentence of 25 years-to-life in prison imposed on a grand theft conviction involving the

18   theft of three golf clubs from a pro shop was not grossly disproportionate and did not violate the

19   Eighth Amendment).

20          Because petitioner was sentenced as a recidivist under California's Three Strikes

21   law, "in weighing the gravity" of his offense for purposes of a proportionality analysis, the court

22   "must place on the scales not only his current felony," but also his criminal history. Ewing, 538

23   U.S. at 29. See also Ramirez, 365 F.3d at 768. This is not a case in which the petitioner's

24   criminal history is comprised solely of non-violent offenses stemming from a single, dated

25   incident and a single guilty plea resulting in the imposition of only a one-year jail (as opposed to

26   /////

1   prison) sentence.  See Ramirez, 365 F.3d at 768-69.  Rather, as described, petitioner had suffered

2   prior convictions for second degree murder and spousal abuse.

3          Although harsh, petitioner's sentence is not inconsistent with federal law as set

4   forth in the holdings of the United States Supreme Court noted above.  The sentence imposed

5   was within the statutory maximum for the offense committed by petitioner and was not grossly

6   disproportionate to the crime of conviction in light of his criminal history.  See Andrade, 538

7   U.S. at 77; Rios v. Garcia, 390 F.3d 1082, 1086 (9th Cir. 2004).  Accordingly, petitioner is not

8   entitled to relief on his Eighth Amendment challenge to his 1995 conviction and sentence.

9                                                    CONCLUSION

10         For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

11  application for a writ of habeas corpus be denied.

12         These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

14  days after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.[11]  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17  shall be served and filed within ten days after service of the objections.  The parties are advised

18  /////

19  /////

20  /////

21  /////

22

23  _____
       [11]  By order filed March 24, 2005, the undersigned directed the appointment of counsel on
24  behalf of petitioner for the limited purpose of addressing the question whether this court has
    jurisdiction to consider the merits of petitioner's challenges to his 1979 conviction.  On April 8,
25  2005, attorney Lawrence A. Gibbs was appointed to represent petitioner.  The appointment of
    Mr. Gibbs is hereby expanded to allow counsel to file objections with respect to any issues raised
26  by these findings and recommendations as well as all further proceedings before the assigned
    district judge.

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 22, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:alford664.hc

18